Robert Eugene **FRIZELL**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 21433.

United States Court of Appeals
Ninth Circuit.

April 17, 1968.

Malcolm Rainsford (argued), of Rainsford & Rainsford, San Francisco, Cal., for appellant.

William Shubb (argued), Asst. U. S. Atty., John Hyland, U. S. Atty., Sacramento, Cal., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before MERRILL and CARTER, Circuit Judges, and WEIGEL,* District Judge.

PER CURIAM.

Frizell was convicted of a violation of California Penal Code, Section 12021—possession of a firearm by a convicted felon, upon a federal reservation, made applicable under the assimilated crime statute, 18 U.S.C. Section 13. He was originally sentenced on June 16, 1966, to a term of 15 years, and on September 16, 1966, the judgment was modified by the court and reduced to a term of 5 years imprisonment.

There was proof of Frizell's presence in a National park on the date in question, and that he was then in possession of a firearm as alleged in the indictment. Proof was made that he had been twice convicted of felonies, once in a California state court and once in the federal court.

The sole question presented by the appeal relates to admission into evidence of incriminating statements made by Frizell at the time of his arrest. He does not question the sufficiency of the evidence.

On October 10, 1964, complaint was received by Yosemite Park Rangers that a man claiming to be a deputy sheriff was making a disturbance in the Park. Two Rangers located Frizell. He was armed with a .357 Magnum revolver. He stated that he was a deputy sheriff from Los Angeles County, but later

* Hon. Stanley A. Weigel, District Judge, Northern District of California, sitting by designation.

changed his story, claiming he was a deputy sheriff from Maricopa County, Arizona, and produced purported credentials to that effect. The weapon was not confiscated, but Frizell was told to put it in the trunk of his car. Frizell was not arrested. On the following morning the weapon itself was brought into Park headquarters by a visitor.

Frizell was arrested on January 1, 1966, in St. Louis, Missouri, by an FBI agent. Following the arrest the agent interviewed Frizell on two different occasions, the first time at 11:55 A.M., the time of arrest, and the second time at 12:52 P.M., approximately one hour later, at the jail after booking.

At the first interview the agent warned Frizell of his rights in compliance with Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). Although Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) was decided after the trial of this case and does not apply, Frizell's counsel conceded that he was also given a *Miranda* warning.

At the outset of the first conversation, the agent advised Frizell why he was under arrest and that the arrest was pursuant to a warrant. He then informed him that he did not have to make any statements at all; that any statements he would make could be used against him in court; that he was entitled to contact an attorney or anyone else before he made any statements at all; and that if he could not afford an attorney, the court would appoint one for him. No admissions were made at the first interview.

The second interview lasted about 30 minutes. The agent talked to Frizell about the fact he had been charged with the possession of a firearm in Yosemite Park in October 1964. The agent took the basic information concerning Frizell's description. During the interview Frizell stated he had been in Yosemite Park in October 1964, passing through while on a hunting trip with his wife, and that he had a 30-30 rifle with a tele-scope lens on it and a .357 Magnum revolver.

■ There is no contention made that the admission or confession was not voluntary; the sole contention is that its admission into evidence, violated the rule in Escobedo v. State of Illinois, supra. *Escobedo* requires only that statements of the defendant may not be used against him at a criminal trial:

"[where] the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent * * *."

Escobedo v. State of Illinois, supra, 378 U.S. at 490–491, 84 S.Ct. at 1765; and Johnson v. State of New Jersey, 384 U. S. 719 at 733–734, 86 S.Ct. 1772, 16 L. Ed.2d 882 (1966). Accord; Schoepflin v. United States, 391 F.2d 390 (9 Cir. 1/2/68).

■ During the trial, the defense counsel made no objection to the admission of Frizell's statements or confession into evidence. The government submits, as part of its brief, an affidavit showing what the agent would have testified to had he been more extensively cross-examined. We do not consider it since it is not part of the record.

The cross-examination was thorough on a number of items and considerable evidence favorable to Frizell developed. However, on the sequence of the two interviews and the facts concerning them, and particularly the second interview, defense counsel did not go into great detail, although he had the written report of the witness available during the cross-examination.

During the argument of this appeal, counsel for Frizell, who was not the trial counsel, conceded that the trial attorney's

failure to object to the admission of the confession may well have been strategy. The course of the cross-examination likewise may have been so.

The record shows that Frizell was properly and effectively warned of his right to remain silent. There is no showing he was denied the opportunity to consult with an attorney. He had access to the phone, had he wished to use it. He never requested to see or call an attorney.

The judgment of conviction is affirmed.